UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                    No. 1:23-cr-00087

PRAGNESHBHAI M. PATEL, *et al.*,                      HON. JANE M. BECKERING
                                                                                    United States District Judge
    Defendants,

SHAMLOO SHAHRIAR ALIABADI, *et al.*,

    Petitioners.
_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONERS'
MOTION TO RECONSIDER ORDER DISMISSING AMENDED
THIRD-PARTY PETITIONS FOR ANCILLARY FORFEITURE HEARING**

The Court got it right when it dismissed the amended third-party petitions for an ancillary forfeiture hearing. The facts set forth in the petitions fail to state with the requisite specificity that Petitioners have a legal interest in $196,350 in traceable fraud proceeds seized by the FBI on May 5, 2023 that is superior to the government's interest, which vested as early as July 2020, when this international fraud conspiracy began. Petitioners' argument now is the same as before: they want this Court to accept their conclusory allegation that the FBI seized proceeds from a real property sale in Iran. It should not. Petitioners' Iranian proceeds stayed in Iran with a "hawaladar." The money seized from the Wells Fargo Bank account came from and can be traced to vulnerable fraud victims. Petitioners have not and cannot allege it is one in the same. The Court should deny the motion for reconsideration.

**I.    Standard**

"[M]otions for reconsideration which merely present the same issues ruled upon by the court shall not be granted." LCrR 47.3(a). "The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result for a correction thereof." *Id.*

**II.    Argument**

A.  <u>The motion for reconsideration presents the same issues already ruled on.</u>

Petitioner's brief in support of the motion to reconsider raises the same issues previously presented to and ruled on by the Court. (R.346: Br., PageID.2592-2604.) The Court's original ruling is supported by the facts and law: Petitioners' allegations are too conclusory to support a claim for relief. (R.338: Op. & Order, PageID.2535 ("Wholly missing from Petitioners' allegations is any statement . . . describing the transfer of allegedly legitimate sale proceeds to the Subject Account.") For this reason alone, the motion should be denied under this Court's local rule.

B.  <u>Petitioners' conclusory allegations defeat their own standing argument.</u>

Petitioners' allegations are accurately summarized as follows: Petitioners used a "reputable" Iranian money exchange dealer (a "hawaladar") to "transfer" the proceeds of an Iranian real property sale to the United States and it was later seized by the FBI. (R.346: Br., PageID.2594.) The problem with Petitioners' conclusory allegations—and the reason they would never be able to meet their evidentiary burden if given a hearing—is that by their own admission, based on how hawala

2

works, Petitioners' actual Iranian proceeds have stayed in Iran this entire time, and traceable fraud proceeds were deposited into their American Wells Fargo account.

"Hawala" is an ancient banking system that originated in the Middle East and South Asia that still serves as an alternative remittance system, operating outside of the conventional financial sector. Joseph Wheatley, *Ancient Banking, Modern Crimes: How Hawala Secretly Transfers the Finances of Criminals and Thwarts Existing Laws*, 26 U. Pa. J. Int'l Econ. L. 347, 348 (2005) (citing Financial Action Task Force on Money Laundering, Combating the Abuse of Alternative Remittance Systems: International Best Practices 1 (June 20, 2003), available at http://www.fatf-gafi.org/dataoecd/32/15/34255005.pdf); *see also United States v. Banki*, 685 F.3d 99, 103 (2d Cir. 2012).

"[H]awala transfers money without actually moving it." 26 U. Pa. J. Int'l Econ. L. at 348. To understand this paradoxical statement, an illustration is helpful:

> If Person A in Country A wants to send $1,000 to Person B in Country B, Person A contacts Hawaladar A in Country A and pays him $1,000. Hawaladar A then contacts Hawaladar B in Country B and asks Hawaladar B to pay $1,000 in Country B, minus any fees, to Person B. The effect of this transaction is that Person A has remitted $1,000 (minus any fees) to Person B, *although no money has actually crossed the border between Country A and Country B.*

*Banki*, 685 F.3d at 103 (emphasis added). This is generally what Petitioners have alleged here with their sale proceeds, and it defeats their own standing argument. Hawala is still widely used in the Middle East for various reasons. 26 U. Pa. J. Int'l Econ. L. at 352-356 (citing Patrick M. Jost & Harjit Singh Sandhu, Interpol, The Hawala Alternative Remittance System and Its Role in Money Laundering (Jan.

3

2000))[1] (additional citations omitted). One important reason: "hawala does not create a detailed paper trail, if it yields a paper trail at all. This quality makes hawala an attractive medium for illicit transactions . . . ." *Id.* at 356 (citing Samuel Munzele Maimbo, The Money Exchange Dealers of Kabul: A Study of the Hawala System in Afghanistan 12 (World Bank, Working Paper No. 13, 2003) (discussing the usage of bank transfers by hawaladars); Hawala and Underground Terrorist Financing Mechanisms: Hearing Before the Senate Subcommittee On Int'l Trade and Fin., 107th Cong. 45-49, at 41 (2001) (statement of John Varrone, Assistant Commissioner, Office of Investigations, U.S. Customs Service) (discussing the link between hawala and terrorism)) (additional citation omitted).

In short, Petitioners cannot meet their burden even at this initial stage in an ancillary forfeiture proceeding because they have not, and indeed cannot, allege specific facts that, if true, would show they had a legal right or interest in the property that was superior to the government's interest (which vested at the time of the acts furthering the fraud conspiracy). 21 U.S.C. § 853(n)(6)(A). The Subject Property is fraud proceeds, not legitimate sale proceeds. Implicit in Petitioners' own conclusory allegations is that their money is still with the Iranian hawaladar, not the FBI.

III. Conclusion

For all these reasons, the reasons originally stated in the government's motion to dismiss the original and amended petitions, and the reasons articulated by the

---

[1] Available at: http://www.interpol.int/Public/FinancialCrime/MoneyLaundering/hawala/default.asp.

Court in its Opinion and Order, the government respectfully requests that the Court deny Petitioners' motion to reconsider.

                                                          Respectfully submitted,

                                                          MARK A. TOTTEN
                                                          United States Attorney

Date: November 1, 2024                         /s/ Daniel T. McGraw
                                                          DANIEL T. McGRAW
                                                          Assistant United States Attorney
                                                          P.O. Box 208
                                                          Grand Rapids, Michigan 49501
                                                          (616) 456-2404